IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MATTHEW SMITH, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, § § § § § § § *PLAINTIFF*, § § V. § § CONIFER HEALTH § SOLUTIONS, LLC; § TEXAS REGIONAL MEDICAL § CENTER, LLC DBA § BAYLOR SCOTT & WHITE § MEDICAL CENTER § – SUNNYVALE; CONIFER § PATIENT COMMUNICATIONS, LLC; § and CONIFER REVENUE § CYCLE SOLUTIONS, LLC § § DEFENDANTS. § | CAUSE NO. 4:22-cv-134<br><br>JURY REQUESTED |

## ORIGINAL CLASS ACTION COMPLAINT

Plaintiff Matthew Smith (hereinafter "Plaintiff") files this Original Class Action Complaint. Plaintiff brings this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C.A § 227, *et seq.* (hereinafter "TCPA") to remedy violations by Defendants Conifer Health Solutions, LLC, Texas Regional Medical Center, LLC DBA Baylor Scott & White Medical Center – Sunnyvale, Conifer Patient Communications, LLC and Conifer Revenue Cycle Solutions, LLC (hereinafter "Defendants").

Plaintiff brings this action individually and as a putative class action on behalf of all other persons similarly situated (hereinafter "Class Members") to recover damages and to enjoin Defendants from their unlawful conduct.

## I. PARTIES

1. Plaintiff Matthew Smith is a natural person who resides in Dallas County, Texas and is a "consumer" as defined by 15 U.S.C. §1692a(3) and TEX. FIN. CODE § 392.001(1).

2. Defendant Conifer Health Solutions, LLC is a Delaware limited liability corporation which operates as a collection agency. Its primary business is the purchase of delinquent and defaulted debt and/or the collection of debt owed to others and is, therefore, considered to be a "debt collector" as the term is defined and understood pursuant to 15 U.S.C. § 1692a(6) and TEX. FIN. CODE § 392.001(6). Its principal place of business is at 2401 Internet Blvd., Ste. 201, Frisco, Texas 75034, and it may be served through its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, TX 75201.

3. Defendant Texas Regional Medical Center, LLC DBA Baylor Scott & White Medical Center – Sunnyvale is a Texas limited liability corporation which operates as a healthcare provider and a creditor. Its principal place of business is 1445 Ross Avenue, Suite 1400, Dallas, Texas 75202, and it may be served through its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, TX 75201.

4. Defendant Conifer Patient Communications, LLC is a Florida limited liability company which operates as a collection agency. Its principal place of business is 1445 Ross Avenue, Suite 1400, Dallas, Texas 75202, and it may be served through its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, TX 75201.

5. Defendant Conifer Revenue Cycle Solutions, LLC is a California limited liability company which operates as a collection agency. Its principal place of business is 2401 Internet Blvd., Ste. 201, Frisco, Texas 75034, and it may be served through its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, TX 75201.

6.   All conditions precedent to Plaintiff proceeding with this lawsuit have occurred, including the sending of a detailed pre-suit demand letter.

## II.  JURISDICTION, VENUE AND STANDINGNUE,

7.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2). Plaintiff alleges a nationwide class, which will result in at least one class member belonging to a state different than the state in which the Defendants are deemed to reside.

8.   Pursuant to 28 U.S.C.A. § 1367(a), Plaintiff and Class Members invoke the supplemental jurisdiction of this Court to hear and decide claims against the Defendants arising under state law.

9.   The general venue rules in 28 U.S.C.A. § 1391 govern a private TCPA action. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 745, 181 L. Ed. 2d 881 (2012); *Blair v. CBE Group Inc.*, 2013 WL 2029155 (S.D. Cal. 2013). Thus, an action may be brought in "(1) a judicial district in which any defendant resides …; or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred …." 28 U.S.C.A. § 1391(b)(2). A corporation is "deemed to reside … in any judicial district in which [the corporation] is subject to the court's personal jurisdiction …." 28 U.S.C.A. § 1391(c)(2). Venue in this District is therefore appropriate under 28 U.S.C.A. §§ 1391 (b) and (c) and 1441(a) because: (i) Defendant Conifer Health Solutions, LLC reside in this District; (ii) Defendants are actively doing business in this State and are subject to personal jurisdiction throughout the State; (iii) Defendants transact business in the State and in the District by and through the collection of consumer debts in this State and District; and (iv) a substantial part of the acts, transactions, events and/or omissions giving rise to the claims occurred in this District.

10. Plaintiff has standing under Article III of the Constitution for Plaintiff's claims because (i) Plaintiff properly alleges injuries in fact, (ii) which are traceable to Defendants' unlawful acts, and (iii) are likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547-48 (2016).

11. Plaintiff has suffered a concrete injury because Defendants made unsolicited telephone calls using an automated telephone dialing system and a prerecorded voice to Plaintiff's cellular telephone in attempt to collect an alleged debt which Plaintiff did not personally owe. These calls from Defendants were a nuisance, an invasion of privacy, and an expense to Plaintiff. All three of these injuries are concrete and *de facto*.

12. Plaintiff's injury is particularized as Defendants invaded Plaintiff's privacy by placing unsolicited automated prerecorded voice calls to his cellular number. Plaintiff became distracted, annoyed, and aggravated by Defendants' unsolicited prerecorded voice call(s) in violation of the TCPA. All of these injuries are particularized and specific to Plaintiff, and are the same injuries suffered by each member of the putative class.

13. Plaintiff has suffered injury in fact traceable to Defendants' telephone calls made to Plaintiff utilizing an automated dialing system and a prerecorded voice without Plaintiff's prior express consent.

14. Plaintiff's injury is redressable by judicial order as Plaintiff's Prayer for Relief includes a request for damages for the calls Defendants made to Plaintiff and the members of the class, as authorized by statute. *See* 47 U.S.C. § 227(b)(3). These statutory damages were set by Congress and specifically redress the damages suffered by Plaintiff and the class members.

### III. TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

15. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227

(TCPA),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

16. The TCPA regulates, among other things, the use of automated telephone dialing equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

17. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

18. The Federal Communications Commission has defined a "predictive dialer" as:

> equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers . . . [i]n most cases, telemarketers program the numbers to be called into the equipment, and the dealer calls them at a rate to ensure that when a consumer answers the phone, a sales person is available to take the call.[4]

Moreover, the FCC has determined that a "predictive dialer falls within the meaning and statutory

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq*.

[2] 47 U.S.C. § 227(b)(1)(A)(iii).

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

[4] 2003 TCPA Order, 18 FCC Rcd at 14091, para. 131.

definition of 'automatic telephone dialing equipment' and the intent of Congress."

## IV. FACTS RELATED TO PLAINTIFF

19. On or before March 1, 2018, an obligation (the "Debt") was allegedly incurred by someone named "Marissa" to Baylor Scott & White Medical Center – Sunnyvale ("Creditor"). Plaintiff has no relationship to "Marissa," and no knowledge whatsoever of who she might be. Moreover, Plaintiff was not the patient who incurred the medical debt, is not a guarantor of the Debt, and is in not obligated on the Debt.

20. On March 1, 2018, Defendants began making telephone calls to Plaintiff's cellular telephone regarding the alleged delinquent debt incurred by "Marissa."

21. From March 1, 2018 through March 13, 2018, Defendants initiated four (4) telephone calls to Plaintiff's cell phone in an attempt to collect the Debt.

22. Plaintiff believes that these calls were initiated by an autodialer because three of the four voicemails that were left were prerecorded messages.

23. On March 13, 2018, after receiving the fourth call from Defendants, Plaintiff called Defendants back. On that call, Plaintiff confirmed his phone number with Defendants, gave Defendants his name, told them he was not the person they were looking for, and told them not to contact him again regarding the alleged debt. *See* **Exhibit A** (call log and transcriptions of calls) and **Exhibit B** (screenshots of calls).

24. Defendants then proceeded to make forty-one (41) additional phone calls to Plaintiff's cell phone from March 14, 2018 until May 8, 2018. The caller left voicemails of either silence or prerecorded messages.

25. On May 9, 2018, Plaintiff placed a 12 1/2 minute call to Defendants, during which he again confirmed his phone number with Defendants, gave them his name, told them he was not the

person they were looking for, and told them not to contact him again regarding the alleged Debt. Plaintiff also asked where he could send notice in writing that he no longer wished to be contacted by Defendants. Plaintiff explained that on March 13, 2018 he had requested that Defendants stop contacting him, but that request was being ignored. He explained that he now needed to put that request in writing. A person named "Idalis" (last name unknown) informed Plaintiff that she was "removing the number now. So you shouldn't be receiving any more calls." *See* **Exhibit C** (transcript of the May 9, 2018 call).

26. Defendants then proceeded to make sixteen (16) more calls to Plaintiff's cell phone during the time period from May 11, 2018 to June 11, 2018.

27. On June 12, 2018, Plaintiff sent Defendants a Cease-and-Desist letter *via* the fax number that Idalis had given him on May 9, 2018. The Cease-and-Desist letter stated, among other things, that Defendants were to cease all phone calls to Plaintiff. *See* **Exhibit D**.

28. Despite its receipt of this letter via fax, Defendants continued to call Plaintiff's cell phone, initiating another eighteen (18) additional calls via ATDS to Plaintiff from June 13, 2018 through July 5, 2018.

29. In all, Defendants have called Plaintiff from at least five (5) different telephone numbers:

    a. 1-877-796-8543

    b. 1-877-493-8309

    c. 1-977-273-1960

    d. 1-833-784-5490

    e. 1-972-807-3172

30. Most of the prerecorded messages left by Defendants are the same voice with the same inflection. The messages are the same length and also cut off at exactly the same place.

31. Defendants have made no attempt to contact Plaintiff in writing regarding the alleged debt. In fact, Defendants have never validated the alleged debt, nor could they, since Plaintiff is not "Marissa" and does not know who "Marissa" might be.

32. Defendants never informed Plaintiff that he had the right to dispute the debt.

33. Defendants failed to stop contacting Plaintiff in spite of repeated requests from Plaintiff.

34. Defendants failed to take the steps necessary to bring their actions within compliance with the TCPA. Defendants failed to adequately review their actions to ensure compliance with the law.

35. The telephone number Defendants called was assigned to a cellular telephone service.

36. The telephone call constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(1).

37. The above unlawful practices are Defendants' routine procedures for collecting consumer debts.

38. The collection or attempted collection of consumer debts in the aforementioned manner violates both state and federal collection laws.

## V. CLASS ALLEGATIONS

39. This action is maintained as a class action on behalf of the following described class (hereinafter collectively referred to as "the Class"):

> All persons within the United States who, within the four years prior to the filing of this action, (1) received a nonemergency phone call from or on behalf of Defendants, (2) to their cellular telephone line, (3) using an artificial or prerecorded voice, (4) without having given prior express consent or after revoking consent; and (5) where the person is neither the patient nor guarantor for the alleged debt that was the subject of the phone call.
>
> Excluded from the class are Defendants, any entities in which Defendants have a controlling interest, Defendants' agents and employees, any Judge to whom this action is assigned, and any member of that Judge's staff and immediate family.

40. Plaintiff is a member of the proposed class. The proposed class members are identifiable

through phone records and phone number databases that will be obtained through discovery.

41.     Plaintiff and members of the proposed class were harmed by the Defendants' acts in at least the following ways: Defendants illegally contacted Plaintiff and the members of the class with annoying and harassing nuisance prerecorded calls, invading the privacy of the Plaintiff and class members, and caused wear and tear on Plaintiff's and prospective class members' phones.

42.     The unlawful actions of Defendants entitle Plaintiff and each Class Member to actual and statutory damages as well as injunctive relief.

43.     The members of the Class for whose benefit this action is brought are so numerous that joinder of all Class Members is impracticable. The exact number of Class Members is unknown to Plaintiff. However, the number of the Class Members is reasonably believed to be in the thousands, and they can be determined from records maintained by Defendants.

44.     Plaintiff will fairly and adequately protect the interests of each Class Member and has retained counsel experienced and capable in class action litigation and in the fields of debt collection and consumer law. Plaintiff understands and appreciates his duty to each member of the Class under FED. R. CIV. P. RULE 23 and is committed to vigorously protecting the rights of absent Class Members.

45.     Plaintiff is asserting claims that are typical of the claims of each Class Member he seeks to represent, in that Defendants engaged in the collection and/or attempted collection of debts from each Class Member he seeks to represent in the same manner—and utilizing the same method—as Defendants utilized against Plaintiff. All claims alleged on behalf of each Class Member flow from this conduct. Further, there is no conflict between Plaintiff and any Class Member with respect to this action.

46. There is a well-defined community of interest in the questions of law and fact affecting the parties to be represented. Questions of law and fact arising out of Defendants' conduct are common to all Class Members, and such common issues of law and fact predominate over any questions affecting only individual Class Members.

47. Issues of law and fact common to members of the TCPA class include, but are not limited to, the following:

   a. Whether Defendants made calls to Plaintiff and Class members' cellular telephones using an automatic telephone dialing system;

   b. Whether Defendants made calls to Plaintiff and Class members' cellular telephones using a prerecorded voice;

   c. Whether such practice violates the TCPA;

   d. Whether Defendants' conduct was knowing and willful;

   e. Which services or processes Defendants employed to obtain class members' cellular telephone numbers;

   f. Which technologies or services were available to Defendants to enable them to differentiate between wireless numbers and wireline numbers;

   g. Whether Defendants are liable for damages and the amount of such damages; and

   h. Whether Defendants should be enjoined from engaging in such conduct in the future.

48. The relief sought by each Class Member is common to the entirety of each respective class.

49. Defendants have acted on grounds generally applicable to each member of each of the Class, thereby making formal declaratory relief or corresponding injunctive relief appropriate with respect to the Class as a whole. Therefore, certification pursuant to FED. R. CIV. P. 23(b)(2) is warranted.

50. For the Class, this action is properly maintained as a class action in that the prosecution of separate actions by individual members would create a risk of adjudication with respect to individual members which would establish incompatible standards of conduct for Defendants.

51. This action is properly maintained as a class action in that the prosecution of separate actions by Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication or would substantially impair or impede their ability to protect their interests.

52. A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted herein given that, among other things:

   a. significant economies of time, effort, and expense will inure to the benefit of the Court and the parties in litigating the common issues on a class-wide instead of a repetitive individual basis;

   b. the size of the individual damages claims of most Class Members is too small to make individual litigation an economically viable alternative, such that few Class Members have any interest in individually controlling the prosecution of a separate action;

   c. without the representation provided by Plaintiff herein, few, if any, Class Members will receive legal representation or redress for their injuries;

   d. class treatment is required for optimal deterrence;

   e. despite the relatively small size of the claims of many individual Class Members, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation;

   f. no unusual difficulties are likely to be encountered in the management of this class action;

   g. absent a class action, Defendants' illegal conduct shall go unremedied and uncorrected; and

      h.     absent a class action, the members of the class will not receive compensation and will continue to be subjected to Defendants' illegal conduct.

53. Concentrating this litigation in one forum would aid judicial economy and efficiency, promote parity among the claims of the individual members of the class, and result in judicial consistency.

## VI. CAUSES OF ACTION

### COUNT ONE
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C.A. § 227 ET SEQ.

54. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

55. The Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., restricts the making of telephone calls to cellular phones for commercial purposes that are made using "any automatic telephone dialing system." TCPA § 227(b)(1)(A)(iii).

56. Defendants made telephone calls to Plaintiff's cell phone using an automatic telephone dialing service without consent, which was prohibited by the TCPA.

57. Defendants negligently disregarded the TCPA in using automated telephone dialing equipment to call Plaintiff's and the TCPA class' cellular telephones without prior express consent.

58. Defendants made telephone calls to Plaintiff's cell phone using a prerecorded voice without consent, which was prohibited by the TCPA.

59. Defendants negligently disregarded the TCPA in using a prerecorded voice in their calls to Plaintiff's and the class members' cellular telephones without prior express consent.

60. The foregoing acts and omissions of Defendants constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

61. Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion."[5]

62. Defendants' phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

63. Defendants' phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone and cellular telephone line.

64. Defendants' phone calls harmed Plaintiff by intruding upon his seclusion.

65. Defendants' phone calls harmed Plaintiff by causing Plaintiff aggravation and annoyance.

66. Defendants' phone calls harmed Plaintiff by wasting Plaintiff's time.

67. Defendants' phone calls harmed Plaintiff by using minutes allocated to him by his cellular telephone service provider.

68. As a result of Defendants' violations of 47 U.S.C. § 227 et seq., Plaintiff and TCPA Class members are entitled to an award of $500.00 in statutory damages for each and every call-in violation of the statute pursuant to 47 U.S.C. § 227(b)(3)(B).

69. Defendants violated 47 U.S.C. § 227 et seq., by negligently calling Plaintiff's cellular telephone on at least four (4) separate occasions using an automatic telephone dialing system (ATDS) without Plaintiff's prior express consent.

70. Pursuant to 47 U.S.C. § 227(b)(3)(B), Plaintiff is entitled to an award of $500.00 in statutory damages for each of the four (4) calls.

---

[5] Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), *codified at* 47 U.S.C. § 227. *See also Mims v. Arrow Fin. Servs., L.L.C.,* 132 S. Ct. 740, 744, 181 L. Ed. 2d 881 (2012) ("The Act bans certain practices invasive of privacy").

## COUNT TWO
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C.A. § 227 ET SEQ.

71. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

72. Defendants knowingly and/or willfully disregarded the TCPA by using automated telephone dialing equipment to call Plaintiff's and the class' cellular telephone without express consent.

73. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

74. Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion."[6]

75. Defendants' phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

76. Defendants' phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone and cellular telephone line.

77. Defendants' phone calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

78. Defendants harassed Plaintiff by incessantly calling Plaintiff's telephone.

79. Defendants' phone calls harmed Plaintiff by causing Plaintiff aggravation and annoyance.

---

[6] Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), *codified at* 47 U.S.C. § 227. *See also* Mims v. Arrow Fin. Servs., L.L.C., 132 S. Ct. 740, 744, 181 L. Ed. 2d 881 (2012) ("The Act bans certain practices invasive of privacy").

80. Defendants' phone calls harmed Plaintiff by wasting Plaintiff's time.

81. Defendants' phone calls harmed Plaintiff by using minutes allocated to Plaintiff by Plaintiff's cellular telephone service provider.

82. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each member of the TCPA Class are entitled to treble damages of up to $1,500.00 for each and every call-in violation of the statute as provided by 47 U.S.C. § 227(b)(3).

83. Defendants violated 47 U.S.C. § 227 et seq., by willingly and knowingly calling Plaintiff's cellular telephone on seventy-five (75) separate occasions using an automatic telephone dialing system (ATDS) without Plaintiff's prior express consent.

84. Defendants violated 47 U.S.C. § 227 et seq., by willingly and knowingly calling Plaintiff's cellular telephone on seventy-five (75) separate occasions using a prerecorded voice without Plaintiff's prior express consent.

85. Pursuant to 47 U.S.C. § 227(b)(3), Plaintiff is entitled to treble damages of up to $1,500.00 for each of the seventy-five (75) calls.

## VII. VICARIOUS LIABILITY

86. At all times relevant hereto, the individual debt collectors who contacted or attempted to contact Plaintiff and the Class Members were employed by Defendants and were working in the course and scope of their employment with Defendants. Defendants had the right to control their activities. Therefore, Defendants are liable for their actions, inactions, and conduct which violated the TCPA and proximately caused damage to Plaintiff and each member of the class as described herein.

## VIII. JURY REQUEST

87. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on any and all issues in this action so triable.

## **PRAYER FOR RELIEF**

Plaintiff, individually and on behalf of all others similarly situated, respectfully requests the following relief:

a. That the Court certify the proposed class as requested;
b. That the Court appoint Plaintiff as representative for the class;
c. That the Court appoint the undersigned as counsel for the class;
d. That the Court enter a judgment permanently enjoining Defendants from engaging in, or relying upon, debt collection calls that violate the TCPA;
e. That the Court enter a judgment requiring Defendants to adopt measures to ensure TCPA compliance;
f. That the Court enter a judgment awarding any other injunctive relief necessary to ensure the Defendants' compliance with the TCPA;
g. That the Court enter a judgment awarding Plaintiff and each of the class members statutory damages of $500 for each negligent violation of the TCPA and/or $1,500 for each knowing or willful violation of the TCPA;
h. That the Court award pre-judgment and post-judgment interest on all amounts awarded to Plaintiff and members of the class to the extent permitted by law;
i. That the Court enter an order awarding Plaintiff's counsel their reasonable attorneys' fees and costs; and
j. That Plaintiff and all members of the class be granted any other relief that the Court deems just and equitable under the circumstances.

Dated: February 25, 2022

Respectfully submitted,

By: /s/ Walt D. Roper
Walt D. Roper
Texas State Bar No. 00786208
**THE ROPER FIRM, P.C.**
110 E. Louisiana Street, Suite 100
McKinney, TX 75069

                        Telephone: 214-420-4520
                        Facsimile: 1+214-856-8480
                        Email: walt@roperfirm.com

                  **LEAD ATTORNEY FOR PLAINTIFF**

**OF COUNSEL:**

R. Martin Weber, Jr.
Texas State Bar No. 00791895
**CROWLEY NORMAN LLP**
3 Riverway, Ste. 1775
Houston, Texas 77056
Telephone: 713-651-1771
Facsimile: 713-651-1775
Email: mweber@crowleynorman.com